## LAMPKINS *v.* STATE OF INDIANA.

[No. 13,617.   Filed March 29, 1929.]

*Walterhouse & Miller,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

NICHOLS, J.—Appellant was prosecuted for the violation of the liquor law, in that he had intoxicating liquor in his possession. The cause was submitted to the jury for trial, and there was a verdict of guilty, the jury assessing a fine against appellant of $200 and ordering that he be imprisoned at the state farm for a period of

six months. On this verdict, judgment was rendered, from which, after appellant's motion for a new trial was overruled, this appeal, appellant presenting error of the court in overruling such motion, because, so far as we need to consider the same, of irregularities in impaneling the jury as hereinafter appears.

It appears by the record that there were ten criminal cases set for trial in such court on Monday, May 24, 1926, and on Saturday afternoon, May 22, 1926, the judge of the court ordered the deputy sheriff of the county to have some special jurors present on Monday morning, ready for jury service; that, in the opinion of the court, the business of the court required such a service, and that the jurors be present, and the deputy sheriff, in obedience to the court's request, summoned several persons to appear as jurors in these cases on said date, among whom were Minnie B. Mitchel, Alice Silvers and Olive Shideler. Each of these jurors was challenged because of her prejudice and bias against the use of intoxicating liquor in any form, and for the further reason that each of them had not been selected as the law required, and finally, each of them was challenged by appellant on the ground that he had exhausted his peremptory challenges and all of his challenges, and he challenged each of them because they had not been drawn or called as the statute requires.

It is provided in §580 Burns 1926 that when a member of the jury is removed for cause or peremptorily, the panel shall be filled from talesmen, and that the bailiff of the court, or sheriff, shall go out of the courthouse and summon reliable and reputable citizens for such jury service. Under this section, it is apparent that no duty rested on the sheriff to summon a talesman until after a member of the jury had been removed for cause or peremptorily, and that thereupon it was his duty to summon a talesman. With the regular panel in the

jury box, it is apparent that the court anticipated on Saturday that there would be numerous challenges in the causes set for trial on the following Monday, and that, because of this fact, he directed the sheriff to summon the talesmen as above appears. But the statute provides (§1825 Burns 1926), that, "whenever any such court shall be of the opinion that, by reason of numerous challenges in any cause, a special venire should issue for jurors, it shall direct the clerk to draw from the box such number of names as shall be deemed proper; and the persons so drawn shall be summoned by virtue of such special venire." Appellant certainly had a right to trial by a fair and impartial jury, and while we cannot say that he did not have such trial, that confidence in the court may be maintained, there should be a suppression of any act which might create even a suspicion that the jury was not fairly drawn, or that it was not wholly without prejudice and impartial. By the method adopted by the court in directing the sheriff to select his talesmen and have them ready to fill vacancies in the event of removal of jurors by challenge, the sheriff could have discriminated in the selection of jurors, selecting such jurors as were prejudiced against appellant and his defense. If the court deemed it proper to summon special jurors in anticipation of numerous challenges, it should have followed the statute, and should have directed the clerk to draw such names as were needed from the jury box.

Judgment reversed, with instructions to grant a new trial.